UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

KERRY KENNEY and VALERIE    )
KENNEY,                        )
                            )
    Plaintiffs,          ) Civil Action No. 5:07-CV-358-JMH
                            )
v.                         )
                            )
PARIS POLICE DEPARTMENT,   )   **MEMORANDUM OPINION AND ORDER**
et. al.                 )
                            )
    Defendants.         )

\*\*    \*\*    \*\*    \*\*    \*\*

Defendants John Hawkins and the Kentucky State Police have filed a Motion to Dismiss or, in the alternative, for Summary Judgment [Record No. 30], Defendant Trina Huston has filed a Motion to Dismiss [Record No. 31], Defendant Nathan Moore has filed a Motion to Dismiss [Record No. 32], Defendants Amanda Harney, Bourbon County Attorney's Office and Bourbon County Sheriff's Department have filed a Motion to Dismiss [Record No. 33], Defendants Paris Police Department, Ryan Collins, William Hurst, Tony Asbury, Brandon Doughman, Shannon Parks, Robert Puckett, and Christopher Livingood ("Paris PD Defendants") have filed a Motion to Dismiss [Record No. 34], and Defendant Bourbon County Hospital, LLC has filed a Motion to Dismiss [Record No. 36]. The Court issued an order requiring Plaintiffs to respond by April 12, 2011 for the first five motions listed above. That deadline having

passed,[1] the above-styled motions are now ripe for decision.

## I.   PROCEDURAL AND FACTUAL BACKGROUND

Pro se Plaintiffs Kerry Kenney and his mother, Valerie Kenney,[2] have filed an amended complaint against the Paris Police Department and Paris Police Officers Ryan Collins, William Hurst, Tony Asbury, Brandon Doughman, Shannon Parks, Robert Puckett and Christopher Livingood, the Kentucky State Police Department and Trooper John Hawkins, the Bourbon County Sheriff's Office, the Bourbon County Attorney's office and former Bourbon County Attorney Jerry Brady, and the Bourbon Community Hospital and Dr. Nathan Moore.  [Record No. 6-1].  According to Plaintiffs, Officer Collins pulled over Kerry Kenney's girlfriend, referred to only as Meagan in the amended complaint, for having expired tags.  He asked Kerry Kenney for his identification and ran a background check before calling for back-up.  At that point, two sheriffs and two policeman arrived.  The officers asked Kerry Kenney whether the car had drugs or weapons inside.  Despite protest by Kerry Kenney, Plaintiffs

---

[1] Local Rule 7.1(c) requires that "[a] party opposing a motion must file a response memorandum within twenty-one (21) days of service of the motion [and f]ailure to timely respond to a motion may be grounds for granting the motion."  LR 7.1(c).  Plaintiffs have filed no response to date and the time to do so has expired.

[2] While Valerie Kenney's name appears on the caption, she avers only an intentional infliction of emotional distress claim against Kentucky State Police Trooper John Hawkins.  As will be discussed later in this order, this claim, along with the other state claims averred in this complaint shall be dismissed without prejudice.  *See infra* Part III.D.

aver that Officer Doughman proceeded to search Meagan's car without permission. After Kerry Kenney and Meagan got out of the car, the officers recognized him as the cousin of an officer that had sued the Paris Police Department for "racism." Plaintiffs aver that the officers got together and asked questions like, "What should we do with him?" According to Plaintiffs' account, Kerry Kenney saw Officer Doughman pull out pepper spray, panicked, and fled about 100 yards before being caught, handcuffed, sprayed with pepper spray, and beaten with flash lights and night sticks. The officers dragged him to the car shouting racial remarks at him and planted on Kerry Kenney a rolled dollar bill with cocaine inside it on his person. Kenney says he did not receive medical attention at the hospital despite numerous requests. [Record No. 6, p. 3-4].

Plaintiffs also aver that Kentucky State Trooper John Hawkins planted a dollar bill with cocaine inside it on Kerry Kenney during a second traffic stop. Plaintiffs explain that Trooper Hawkins pulled over Kenney for driving with his high-beams engaged, a charge that Kenney disputes. Hawkins requested Kenney's license and, upon discovering Kenney was not carrying it with him, requested Kenney's social security number. Plaintiffs aver that Kerry Kenney gave Hawkins his consent to search the car and that Hawkins found nothing. According to the complaint, however, as Kenney was getting back into the car Hawkins began yelling at Kenney that he was under arrest. Plaintiffs aver that Hawkins

began to beat him over the head with a flashlight and that Kenney
began to run away starting a chase.  Plaintiffs aver that Hawkins
took down Kerry Kenney, put his hands around his neck and pushed
down until Kenney could not breath.  Eventually, Kenney submitted
to Hawkins though Plaintiffs aver that Hawkins then continued to
beat Kenney with his night stick.  Kerry Kenney again ran away and
got into his girlfriend's car before Hawkins broke out the window.
Kenney drove away from the scene before encountering five more
police officers at a Wendy's restaurant.  Kenney then parked the
car and fled again, this time escaping the police.  Kenney turned
himself in the next day and  Hawkins attempted to interrogate him,
although Kenney refused to participate since he thought it would
just lead to another assault.  Plaintiffs aver that Hawkins lied in
court about the incident described above including the reason for
the traffic stop.  [Record No. 6, p. 5-6]

**III. ANALYSIS**

Plaintiffs amended complaint[3] avers seventeen various counts,
six of which arise from a potential violation of 42 U.S.C. § 1983.

---

[3] Plaintiffs' filed their original complaint [Record No. 1] on
October 24, 2007.  A little over a month later, they filed an
Amended Complaint [Record No. 6] as allowed under Federal Rules of
Civil Procedure Rule 15(a)(1)(B).  Fed. R. Civ. P. 15 (allowing for
amendment of a complaint once as a matter of course within 21 days
of the services of an answer).  As this was a voluntary amendment
of a complaint, the court will look to the amended complaint and
consider the original complaint a nullity.  *B&H Med., LLC v. ABP
Admin., Inc.*, 526 F.3d 257, 268 n. 8 (6th Cir. 2008) (quoting *Drake
v. City of Detroit*, 266 Fed. App'x 444, 448 (6th Cir. 2008)).

[Record No. 6-2, p. 1]. The other eleven sound in Kentucky state law. *Id.*

### A. The Court shall grant the Paris PD Defendants' Motion to Dismiss [Record No. 34] as to Plaintiffs' federal claims.

Plaintiffs raise two potential violations[4] of their Fourth Amendment rights under the Federal Constitution against members of the Paris PD Defendants: (1) use of excessive force by Officers Collins, Hurst, Asbury and Doughman in arresting Kerry Kenney and (2) an illegal search of Meagan's car. [Record No. 6-2, p. 2-3]. Notably, the complaint does not aver that Officers Parks, Puckett, and Livingood committed any violations but, rather, that they were simply present during the arrest in question. As there have been no claims made against them, the Court shall grant the motion to dismiss as to Officers Parks, Puckett and Livingood for failure to state a claim.

As to the remaining claims, Paris PD Defendants' have made a motion to dismiss for failure to state a claim of a Fourth Amendment violation. A motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. Fed. R. Civ. P. 12(b)(6). The Court views the complaint in the light most favorable to the plaintiff and

---

[4] Plaintiffs also states that the towing of Kerry Kenney's car "for no reason" violated Kenney's civil rights. [Record No. 6-2]. Plaintiff has failed to aver who towed his car. Furthermore, simply having a car towed hardly rises to the level of a constitutional violation without more and this claim will no longer be considered.

"must accept as true 'well-pleaded facts' set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir. 1997). Factual allegations must support legal conclusions in Plaintiff's complaint before this Court may "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim that is plausible on its face," then the claims must be dismissed. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Weisbarth v. Geauga Park Dist*., 499 F.3d 538, 542 (6th Cir. 2007); *Our Lady of Bellefonte Hospital, Inc. v. Tri-State Physicians Network, Inc*., No. 06-141-HRW, 2007 U.S. Dist. LEXIS 72286, at *4 (E.D. Ky. Sept. 27, 2007). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief" as required by Federal Rules of Civil Procedure Rule 8(a)(2). *Iqbal*, 129 S. Ct. at 1950 (citing Fed. R. Civ. P. 8(a)(2)); Fed. R. Civ. P. 8(a)(2)("A pleading that states a claim for relief must contain .

6

. . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . .").

A complaint, therefore, must lay out "more than a 'forumulaic recitation of the elements' of a . . . claim." *Iqbal*, 129 S. Ct. at 1951 (citation omitted). Plaintiffs, however, have failed to even lay out a formulaic recitation of the elements of a potential violation of 42 U.S.C. § 1983. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citation omitted). As will be seen, Plaintiffs' claims are not sufficient as Plaintiffs have not averred a "violation of [Kerry Kenney's] rights secured by the Constitution." *Id.*

> **1. The Paris PD Defendants did not conduct an unreasonable seizure of Kerry Kenney by applying excessive force.**

While Paris PD Defendants argue that Kerry Kenney has asserted a substantive due process claim under the Fifth Amendment in averring the force applied by Officers Collins, Hurst, Asbury and Doughman was excessive, such a claim actually arises out of the Fourth Amendment. The Supreme Court explicitly rejected the notion that the district courts should always apply the "shocks the conscience" standard applied for substantive due process claims

7

under the Fifth Amendment to "all claims that law enforcement officers have used excessive force." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Instead, the Court shall look to the reasonableness of how the arrest was carried out and evaluate the claim under the Fourth Amendment. *Id.* at 395.

Applying the factors set forth in *Graham v. Connor*, 490 U.S. 386, the Court concludes Officers Collins, Hurst, Asbury, and Doughman did not conduct an unreasonable seizure of Kerry Kenney in violation of the Fourth Amendment. The Supreme Court has held, in cases of excessive force arising from an arrest, that "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. In making this determination, the Court must apply a fact-specific analysis considering "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. These considerations are then "careful[ly] balanced [against] the nature and quality of the intrusion on the individual's Fourth Amendment interest." *Id.* at 396 (citation omitted). This Court must make this determination "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.*

In this case, Kerry Kenney was in the process of committing

the crime of escape, an extremely severe crime that officers would be reasonable in believing could pose an immediate threat. [Record No. 6, p. 3]. According to the complaint, the Paris PD Defendants, specifically Officer Collins and Doughman, had reason to believe that Kenney may have had weapons on him when he fled the officers and officers "got banged up trying to catch [Kenney] because it was wet and rainy." *Id.* Thus, even taking the facts in the complaint as true, the officers acted reasonably as they had cause to believe that Kenney's escape could pose a significant danger to the community and the officers themselves. *Tennessee v. Garner*, 471 U.S. 1, 11 (1985) ("Where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force."); *Williams v. City of Grosse Pointe Park*, 496 F.3d 482 (6th Cir. 2007) (holding an officer acted reasonably is shooting a suspected car thief that fled arrest in a car); *Dudley v. Eden*, 260 F.3d 722 (6th Cir. 2001) (holding an officer acted reasonably in shooting a suspect attempting to flee a stopped car after leading officers on a low-speed car chase).

While Kerry Kenney avers that the officers used hateful and revolting racial slurs in their assault, this is not relevant to the "objectively reasonable" determination as to the nature of the arrest as "[a]n officer's evil intentions will not make a *Fourth*

9

*Amendment* violation out of an objectively reasonable use of force."

*Graham*, 490 U.S. at 397 (emphasis in original). Thus, the Court

shall grant the Paris PD Defendants' motion to dismiss as to the

averred violation of Kerry Kenney's Fourth Amendment protections

from unreasonable seizure.

### 2. Kerry Kenney may not aver that Paris PD Defendants conducted an illegal search of Meagan's car in violation of the Fourth Amendment.

Kerry Kenney does not have standing to contest the search of

Meagan's car as a violation of his Fourth Amendment rights. Fourth

Amendment rights have long been personal in nature. *Rakas v.*

*Illinois*, 439 U.S. 128, 140 (1978). The Supreme Court has laid out

a two part test to determine standing to challenge a search as a

potential violation of the Fourth Amendment asking "first, whether

the proponent of a particular legal right has alleged "injury in

fact," and second, whether the proponent is asserting his own legal

rights and interest rather than basing his claim for relief upon

the rights of third parties." *Id.* at 139. This legal right to

"claim the protection of the Fourth Amendment depends not upon a

property right in the invaded place but upon whether the person who

claims the protection of the Amendment has a legitimate expectation

of privacy in the invaded place." *Id.* at 143 (citing *Katz v.*

*United States*, 389 U.S. 347, 353 (1967)).[5] The Sixth Circuit has

---

[5] Importantly, Plaintiffs do not aver that the stop was an
unconstitutional violation of the Fourth Amendment, but, rather
challenges the constitutionality of the search itself, which would

held that "a passenger does not have a legitimate expectation of privacy in the searched vehicle." *United States v. Ellis*, 497 F.3d 606, 612 (6th Cir. 2007); *see also Rakas v. Illinois*, 439 U.S. 128 (holding that a passenger in a car does not have a legitimate expectation of privacy in the car they are riding). Thus, while Kerry Kenney avers that police searched Meagan's car without permission, he does not have the ability to contest the legality of that search as he has not shown that he had a legitimate expectation of privacy in the car. This Court, therefore, shall grant the Paris PD Defendants' motion to dismiss as to the averred violation of Kerry Kenney's Fourth Amendment protections from illegal searches.

**B. The Court will grant Defendants Kentucky State Police and Hawkins' Motion to Dismiss or, in the alternative, for Summary Judgment [Record No. 30] as to Plaintiffs' federal claims.**

This Court will also grant the Kentucky State Police's motion to dismiss on the grounds that they are entitled to Eleventh Amendment immunity. While the assertion of Eleventh Amendment immunity attacks the jurisdiction of this Court, this Court considers a defendant's claim to be entitled to immunity under the Eleventh Amendment as an affirmative defense. *DLX, Inc. v.*

---

significantly change the analysis. *See United States v. Ellis*, 497 F.3d 606, 612 (6th Cir. 2007) ("Although a passenger does not have a legitimate expectation of privacy in the searched vehicle, 'as a passenger [a defendant] may still challenge the stop and detention.'" (quoting *United States v. Jones*, 374 F. Supp. 2d 143, 154 (D.D.C. 2005))).

*Kentucky*, 381 F.3d 511, 527 n.13 (6th Cir. 2004) (citation omitted); *see also* U.S. Const. amend. XI.  Thus, "like any other such defense, that which is promised by the Eleventh Amendment must be proved by the party that asserts it and would benefit from it acceptance."  *Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 963 (6th Cir. 2002). Therefore, a state agency must show that it is an "arm of the state," as required to assert Eleventh Amendment immunity based on the following factors:

> (1) the state's potential liability for a judgment against the entity; (2) the language by which state statutes and state courts refer to the entity and the degree of state control and veto power over the entity's actions; (3) whether state or local officials appoint the board members of the entity; and (4) whether the entity's functions fall within the traditional purview of state or local government.

*Pucci v. Nineteenth Dist. Court*, 628 F.3d 752, 760 (6th Cir. 2010)(citation omitted).  The Kentucky State Police argues that the General Assembly created the Kentucky State Police by statute and tasked it with statewide law enforcement, a traditional state function.  *See* KRS 16.060.  Furthermore, Defendants argue that the Kentucky State Police is funded by appropriations from the General Assembly.  *See* KRS 16.050(1).  In addition, the Sixth Circuit has previously recognized the Kentucky State Police is entitled to governmental immunity under the Eleventh Amendment.  *Barnes v. Hamilton*, No. 91-5360, 1991 U.S. App. LEXIS 24593, at *4 (6th Cir. 1991) (holding that the Kentucky State Police may assert Eleventh

12

Amendment immunity).  Therefore, the Kentucky State Police may assert Eleventh Amendment immunity and this Court shall grant Kentucky State Police's motion to dismiss.

Hawkins may not, however, assert Eleventh Amendment immunity to Plaintiffs' claims as Plaintiffs' complaint of Hawkins' actions are taken against Hawkins in his individual capacity.  While "a plaintiff's failure to explicitly state 'individual capacity' in the complaint is not necessarily fatal to the lawsuit," the Court will consider the "nature of the claims, requests for compensatory or punitive damages, and the nature of defenses raised in response to the complaint, particularly claims for qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability." *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003) (citing *Shepherd v. Wellman*, 313 F.3d 964, 967-68 (6th Cir. 2002)).  When the factors stated above are inconclusive, the Sixth Circuit has held "[t]o the extent doubt persists that this combination of factors warrants construing the complaint as one against the defendants individually, this doubt should be resolved in [plaintiff's] favor as a pro se plaintiff." *Lindsay v. Bogle*, 92 Fed. App'x 165, 169 (6th Cir. 2004) (citations omitted) (unpublished opinion).

In this case, Plaintiffs have failed to state they were suing Hawkins in his official capacity.  [Record No. 6-1].  Thus, this Court shall look to the above-stated factors to determine if

13

Plaintiffs have stated a claim against Hawkins in his individual capacity. While Hawkins argues he is entitled to immunity under the Eleventh Amendment evidencing his belief that he is being sued in his official capacity, the other factors weigh in favor of construing this complaint against Hawkins in his individual capacity. [Record No. 30]. The nature of the claim, a Fourth Amendment violation for an improper search and arrest against a police officer, is one that, if proven, would subject Hawkins to individual liability if properly captioned. *See Hysell v. Thorp*, No. 2:06-cv-170, 2009 U.S. Dist. LEXIS 11597, at *67-69 (S.D. Ohio Feb. 2, 2009) (awarding damages against individual officers for a Fourth Amendment excessive force claim under 42 U.S.C. § 1983). More telling, however, is Plaintiffs request for monetary damages for their claims of violations under 42 U.S.C. § 1983 which cannot be obtained against an individual in his official capacity, as that individual may assert Eleventh Amendment immunity if working for an agency considered part of the state. [Record No. 6-2, p. 6]("I am requesting to be compensated for all of the above in the amount of $___ (undetermined)"); *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). As a result, this Court shall hold that the complaint does aver a violation under 42 U.S.C. § 1983 against Hawkins in his individual capacity.

Any § 1983 claims against Hawkins, however, fall outside the statute of limitations, and Plaintiffs are barred from bringing them at this late date. Although 42 U.S.C. § 1983 provides a federal cause of action, it looks to state law, specifically personal-injury tort law, to determine the proper statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citation omitted). Kentucky statute requires that all personal injury actions must be brought within one year after the cause of action accrued. KRS § 413.140(1)(a). The point at which the cause of action accrues, according to Federal law, is determined by "'the standard rule that [accrual occurs] when the plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief.'" *Kato*, 549 U.S. at 388 (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Febrar Corp of Cal.*, 522 U.S. 192, 201 (1997)). Thus, the cause of action accrued at the time when the search and seizure allegedly occurred, or November 16, 2006 [Record No. 6-1 to -2], and the statute of limitations bars all actions brought after November 16, 2007. Plaintiffs first filed their complaint in May of 2009. [Record No. 1]. Thus, this Court shall grant Hawkins' motion to dismiss because Plaintiffs claims are barred by the statute of limitations.

**C. The Court shall grant Defendants Bourbon County Attorney's Motion to Dismiss [Record No. 33] as to Plaintiffs' federal claim.**

Included in Plaintiffs' claims for violation of civil rights,

which presumably are Plaintiffs attempt to aver violations of 42 U.S.C. § 1983, is an averment that "[i]mmediately after a court session, County Attorney Brady ordered me out of town before I was even convicted of any crime." The Bourbon County Attorney's office argues in its motion to dismiss that Plaintiffs have failed to state a claim that would entitle them to relief. As previously stated, a motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint and a complaint, therefore, must lay out "more than a 'forumulaic recitation of the elements' of a . . . claim." *Iqbal*, 129 S. Ct. at 1951 (citation omitted).

Plaintiffs have failed again, however, to even lay out a formulaic recitation of the elements of a potential violation of 42 U.S.C. § 1983. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citation omitted). At best, Plaintiffs' claim avers a violation of Kerry Kenney's substantive due process rights which requires Plaintiffs show that former county attorney Jerry Brady took action "that shocks the conscience." *Rochin v. California*, 342 U.S. 165, 172 (1952)(finding that the actions of sheriff deputies of opening a suspect's mouth and forcibly putting an emetic solution

into his stomach to induce the suspect to vomit capsules presumed to contain drugs shocked the conscience and violated substantive due process).

While a verbal threat or harassment unaccompanied by an assault can "shock the conscience", the Sixth Circuit has held that "a one-time, exaggerated threat of harm made in a moment of anger does not rise to the level of a constitutional violation, [even if the speaker is attempting to exploit the listener's fear.]" *Nuchols v. Berrong*, 268 Fed. App'x 414, 418 (6th Cir. 2008) (unpublished opinion). Thus, even assuming the allegations in the complaint as true, Plaintiffs' averment that former county attorney Brady ordered Kerry Kenney to leave town does not shock the conscience and does not state a violation of Kerry Kenney's constitutional rights. At best, former county attorney Brady's statement constituted an extreme threat meant to harass Kerry Kenney. Plaintiffs, however, fail to aver any other statements that might show a pattern of harassment that would "shock the conscience." In fact, Plaintiffs have failed to aver that Brady made any other statements to Kenney at all. Thus, Plaintiffs have failed to state a claim under 42 U.S.C. § 1983 and this Court shall grant Defendant Bourbon County Attorney's motion to dismiss.

**D.   All remaining state-law claims shall be dismissed without prejudice**

All remaining claims arise out of potential violations of Kentucky state law, and this Court exercises its discretion not to

17

consider Plaintiffs' remaining state claims. 28 U.S.C. § 1367 provides, in pertinent part, that "[t]he district courts may decline to exercise supplemental jurisdiction [over all other claims that form part of the same case or controversy] if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). Furthermore, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996) (holding that the dictum in *Gibbs* generally remains valid when analyzing whether state claims should be dismissed under 28 U.S.C. § 1367).

Thus, the Sixth Circuit has held when a court dismisses a case under Rule 12(b)(6), "there is a strong presumption in favor of dismissing supplemental claims" which can only be overcome in "'unusual circumstances' [that] must include 'some prejudice arising from relegating the case for trial in the state court.'" *Fed. Express Corp.*, 89 F.3d at 1255 (citations omitted). This Court finds no such prejudice exists as Plaintiffs' federal claims made under 42 U.S.C. § 1983 and Plaintiffs' state law claims "are conceptually distinct, and resolution of one does not affect resolution of the other." *Id.* at 1256. Furthermore, this Court

18

does not maintain exclusive jurisdiction over the remaining claims nor do Plaintiffs face any federal preemption issues in state court. *See id.* Therefore, while Defendants make arguments invoking governmental immunity under the Kentucky constitution and other arguments relating to Plaintiffs' failure to state a claim under Kentucky law, this Court, pursuant to 28 U.S.C. § 1367(c)(3), shall exercises its discretion not to make "[n]eedless decisions of state law," and dismisses without prejudice Plaintiffs' remaining claims against Defendants. 28 U.S.C. § 1367(c)(3); *Gibbs*, 383 U.S. at 726.

**IV. CONCLUSION**

Accordingly, **IT IS ORDERED:**

(1) that Defendants Hawkins and the Kentucky State Police Motion to Dismiss or, in the alternative, for Summary Judgment [Record No. 30] is **GRANTED**;

(2) that Defendant Huston's Motion to Dismiss [Record No. 31] is **GRANTED**;

(3) that Defendant Moore's Motion to Dismiss [Record No. 32] is **GRANTED**;

(4) that Defendants Harney, Bourbon County Attorney Wilson and Bourbon County Sheriff Matthews' Motion to Dismiss [Record No. 33] is **GRANTED**;

(5) that Defendants Paris Police Department, Collins, Hurst, Asbury, Doughman, Parks, Puckett, and Livingood's Motion to Dismiss [Record No. 34] is **GRANTED;**

(6) that Defendant Bourbon County Hospital, LLC's Motion to Dismiss [Record No. 36] is **GRANTED**; and

(7) that Plaintiffs' federal claims alleging violations of their civil rights, false arrest, assault/police brutality/excessive use of force, improper arrest, harassment, illegal search and seizure are **DISMISSED WITH PREJUDICE.**

(8) that Plaintiffs' remaining state law claims are **DISMISSED WITHOUT PREJUDICE.**

This the 26th day of April, 2011.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge